

Daniel N. Epstein, Esq. – Attorney ID No.: 033981995
**EPSTEIN OSTROVE, LLC**
Attorneys at Law
200 Metroplex Drive, Suite 304
Edison, New Jersey 08817
(732) 828-8600
Attorney for Plaintiff(s)

RECEIVED ONLY/FILED
SUPERIOR COURT OF NJ

2017 AUG 17 P 1: 44

SOMERSET COUNTY
CIVIL DIVISION

|  |  |
|---|---|
| CLAUDETTE C. MILLER and WILLIAM MILLER, her husband,<br><br>Plaintiff,<br><br>vs.<br><br>MONTEZ A. JACKSON, USA TRUCK INC., JOHN DOE I-X (said names being fictitious, true names presently unknown), ABC CORP. I-X (said names being fictitious, true name presently unknown),<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SOMERSET COUNTY<br><br>DOCKET NO.: SOM-L-957-17<br><br>CIVIL ACTION<br><br>**COMPLAINT, DESIGNATION OF TRIAL COUNSEL, NOTICE TO PRODUCE, DEMAND FOR INSURANCE, DEMAND FOR INTERROGATORIES AND JURY DEMAND** |

Plaintiffs, CLAUDETTE C. MILLER and WILLIAM MILLER, her husband, residing at 241 Nagle Street, Borough of Bound Brook, County of Somerset, State of New Jersey, by way of Complaint against the Defendant(s), say:

## PARTIES

1. Plaintiff, CLAUDETTE C. MILLER was a passenger in a motor vehicle operated by Plaintiff, WILLIAM MILLER traveling westbound on U.S. Highway No. 22 in the Township of Bridgewater, County of Somerset, State of New Jersey.

2. Plaintiff, WILLIAM MILLER, at the time of the accident and down to the present date, has been the husband of Plaintiff, CLAUDETTE C. MILLER.

3. Defendant, MONTEZ A. JACKSON was operating a truck traveling westbound on U.S. Highway No. 22 in the Township of Bridgewater, County of Somerset, State of New Jersey.

4. Defendant, USA TRUCK INC. owned a truck operated by MONTEZ A. JACKSON traveling westbound on U.S. Highway No. 22 in the Township of Bridgewater, County

of Somerset, State of New Jersey and is company licensed to do business in the State of New Jersey.

5.      Upon information and belief, Defendants, JOHN DOES I-X are individuals whose names and addresses are unknown.

6.      Upon information and belief, Defendants, ABC CORPORATIONS I-X are legal entities, the names and addresses of whom are unknown.

## FIRST COUNT

1.      On or about November 15, 2015, the Plaintiff, CLAUDETTE C. MILLER was a passenger in a motor vehicle operated by Plaintiff, WILLIAM MILLER traveling westbound on U.S. Highway No. 22 in the Township of Bridgewater, County of Somerset, State of New Jersey.

2.      On or about November 15, 2015 and at all times relevant hereto, Defendant, MONTEZ A. JACKSON, was operating a truck traveling westbound on U.S. Highway No. 22 in the Township of Bridgewater, County of Somerset and State of New Jersey.

3.      At the time and place aforementioned, the Defendant, MONTEZ A. JACKSON, was careless, reckless and/or negligent in the operation of the aforementioned truck in that he violently and with great force collided with the motor vehicle operated by Plaintiff, WILLIAM MILLER in which Plaintiff, CLAUDETTE C. MILLER was a passenger, causing her to sustain and suffer serious injuries.

4.      As a direct result of the negligence of the Defendant, MONTEZ A. JACKSON, the Plaintiff, CLAUDETTE C. MILLER, was seriously and permanently injured, suffered and in the future will experience great pain and suffering, did and in the future will be required to expend large sums of money for medical care and attention and has been and will in the future be disabled and prevented from attending to her necessary affairs and business.

WHEREFORE, Plaintiff, CLAUDETTE C. MILLER demands judgment against the Defendant, MONTEZ A. JACKSON, for money damages, interest and costs of suit.

## SECOND COUNT

1.      Plaintiff, CLAUDETTE C. MILLER repeats and re-alleges the allegations contained in the First Count as if set forth herein at length.

2.      At all times hereinafter mentioned, the Defendants, USA TRUCK INC., ABC CORP. I-X and/or JOHN DOE I-X, was/were the owner(s), lessor(s), and/or lessee(s) of a truck which was being operated with its/their permission by the Defendant, MONTEZ A. JACKSON, as its/their agent, servant, and/or employee.

3.      On or about November 15, 2015 and at all times relevant hereto, the Defendant, MONTEZ A. JACKSON, was operating said truck of, or on behalf of, the Defendant(s), USA TRUCK INC., JOHN DOE I-X and/or ABC CORP. I-X in the service of and in the course of his employment and at all times herein mentioned, was acting as the agent, servant, independent contractor, and/or its/their employee.

4.      As a result of the negligence, carelessness and recklessness of the Defendant, MONTEZ A. JACKSON, in the operation of the aforesaid truck while in the course of his employment and in the service of the Defendant(s), USA TRUCK INC., JOHN DOE I-X and/or ABC CORP. I-X, Plaintiff, CLAUDETTE C. MILLER was injured.

5.      Therefore, USA TRUCK INC., JOHN DOE I-X and/or ABC CORP. I-X, is/are liable to the Plaintiff for the negligent and reckless acts under the doctrine of Respondeat Superior and for all personal injuries and other damages herein sustained by the Plaintiff.

WHEREFORE, Plaintiff, CLAUDETTE C. MILLER demands judgment against the Defendant(s), MONTEZ A. JACKSON, USA TRUCK INC., JOHN DOE I-X and/or ABC CORP. I-X jointly, severally and/or in the alternative for money damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff, WILLIAM MILLER, repeats the allegations contained in the First and

Second Counts as if the same were more fully set forth herein and made a part hereof.

2.     At the time of the accident and down to the present date, the Plaintiff, WILLIAM MILLER, has been the husband of Plaintiff, CLAUDETTE C. MILLER, and as such is entitled to her love, services and consortium all of which he has been deprived of due to the negligence of the Defendants, MONTEZ A. JACKSON, USA TRUCK INC., ABC CORP. I-X and/or JOHN DOE I-X.

WHEREFORE, the Plaintiff, WILLIAM MILLER, demands judgment against the Defendants, MONTEZ A. JACKSON, USA TRUCK INC., ABC CORP. I-X and/or JOHN DOE I-X, jointly, severally or in the alternative.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Daniel N. Epstein, Esq. is hereby designated as trial counsel for the Plaintiffs in the within matter.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to Rule 4:17-1, the Plaintiff, CLAUDETTE C. MILLER, hereby demands answers to Uniform Interrogatories Form C Personal Injury Interrogatories and Uniform Interrogatories Form C(1) of all Defendants within the time prescribed by the Rules of the Court.

## DEMAND FOR DISCOVERY OF INSURANCE

Pursuant to R. 4:10(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

## NOTICE TO PRODUCE

**PLEASE TAKE NOTICE** that in accordance with the rules of Court, you are hereby required to produce and complete copies of the following documents at the law offices of EPSTEIN OSTROVE, LLC located at 200 Metroplex Drive, Suite 304, Edison, New Jersey 08817 within thirty (30) days of receipt of this Notice:

1.  Any and all statements made by any party to this lawsuit, their agents, representatives or employees, whether written or oral.

2.  Any and all statements made by the witnesses to the events describes in any and all of the paragraphs of the Plaintiff's Complaint.

3.  Any and all statements made by any person, including the Defendants, or any eyewitnesses, which relate or refer in any way to the incident described in any and all of the paragraphs of the Plaintiff's Complaint.

4.  Any and all written reports rendered by the Defendants' proposed expert witnesses, including but not limited to, any medical expert witness intended or not intended to be called at the time of trial.

5.  Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, or other published documents referred to and utilized by or relied upon by any expert witness whom Defendants intend to call at time of trial.

6.  Any and all blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, videos, tapes, models or other visual reproduction of any object, place or thing prepared or utilized by, referred to or relied upon by any Defendant or expert witness whom Defendants intent to call at time of trial.

7.  A photostatic copy of any photograph or surveys of the scene of the accident or of any objects or persons involved therein whether in possession of the Defendants of the Defendants' attorney(s).

8.     A copy of any and all written reports, or summaries of oral reports, as well as a copy of the *curriculum vitae* of any and all experts that have supplied reports to Defendants' attorneys', whose testimony will be offered at the time of the trial in the above referenced matter.

9.     A copy of any and all insurance policies affording a defense and/or indemnification to the Defendant for the subject incident.

10.     True copies of any and all contracts, agreements and/or lease between any of the parties to the within litigation.

**EPSTEIN OSTROVE, LLC**
Attorneys for Plaintiff(s)

By: _____
        DANIEL N. EPSTEIN, Esq.

Dated: August 8, 2017

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceedings, now or contemplated.

**EPSTEIN OSTROVE, LLC**
Attorneys for Plaintiff(s)

By: _____
        DANIEL N. EPSTEIN, Esq.

Dated: August 8, 2017